UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRONIC DATA SYSTEMS, LLC,

          Plaintiff,

CASE NO. 09-13660
HON. LAWRENCE P. ZATKOFF

vs.

SYNCREON AMERICA INC.,
f/k/a TDS AUTOMOTIVE U.S., INC.,

          Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 21, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment Related to Plaintiff's Claimed Damages (Docket #155).  The parties have fully briefed the Motion.  The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without this Court entertaining oral arguments.  For the reasons that follow, Defendant's Motion for Summary Judgment Related to Plaintiff's Claimed Damages is GRANTED IN PART and DENIED IN PART.

**II.  BACKGROUND**

The facts of this case were set forth in detail in the Court's Opinion and Order dated September 26, 2012 (Docket #153) and the Court hereby incorporates such facts herein.  The Court

notes the following facts relevant to deciding the present Motion.

Plaintiff asserted four claims: (1) Count I - Breach of Contract (*i.e.*, the Master Services Agreement ("MSA") entered into by the parties); (2) Count II - Breach of Contract (Third-party Beneficiary), (3) Count III - Breach of Implied Contract, and (4) Breach of Implied Contract for Bailment. All four claims stem from allegations that: (a) there were Plaintiff-owned goods Defendant received at its warehouses about which the ultimate disposition is not known; (b) Defendant shipped such goods to DaimlerChrysler Corporation but DaimlerChrysler Corporation denies receipt of them; and (c) such goods could not be located upon physical inventory at Defendant's warehouses (collectively, the "Lost Goods"). The Court has dismissed Count II. Plaintiff contends that it has suffered damages of approximately $7 million.

The parties engaged in an extensive discovery process, facilitated in part by the Court granting them extensions for good cause. As it relates to the alleged damages amounts for many of the Lost Goods, Plaintiff has yet to provide any evidence of the damages amounts (*e.g.*, actual invoices, receipts or other evidence that Plaintiff paid vendors for many of the items that constitute the Lost Goods). Moreover, in response to the Magistrate Judge's order to "produce data and records establishing payment to vendors for all transactions on a 'Damages Spreadsheet' that have an invoice amount of $500 or more," Plaintiff simply responded by stating: "Payment Data Not Yet Located" for many of those transactions. According to Defendant, the most recent Damages Spreadsheet provided by Plaintiff reflects that Plaintiff responded "Payment Data Not Yet Located" with respect to nearly $3 million ($2,808,889) of the almost $7 million in damages Plaintiff seeks in this case.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language

of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

As the Court previously ruled, Plaintiff cannot recover at trial for any alleged breach of contract claim unless it proves all four elements of the breach of contract claim. As it relates to the

3

instant motion, the fourth element is at issue, *i.e.*, whether Plaintiff can prove that "the [Defendant's alleged] breach caused injury to the [Plaintiff]." *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999). If Plaintiff has no proof that it suffered injury with respect to any Lost Good, any part of Plaintiff's claim that involves such Lost Good must be dismissed as a matter of law.

In the motion before the Court, Defendant argues that: (a) Plaintiff should be barred from seeking to recover damages for all transactions (*i.e.*, Lost Goods) listed on the Damages Spreadsheet for which Plaintiff has provided no documentation that Plaintiff paid the vendor for such transaction, and (b) for those transactions where the invoice amount for the Lost Good exceeds the amount Plaintiff has produced payment documentation, Plaintiff's claim for such Lost Good should be limited to the amount Plaintiff can document it paid.

Plaintiff argues that: (1) Defendant (mis)handled the Lost Goods; (2) it is entitled to the value of the Lost Goods at the time of the loss under bailment law; (3) it has established the value of the Lost Goods; (4) it does not have to prove it paid vendors for the Lost Goods to proceed to trial; (5) genuine issues of fact exist regarding the total amount of Plaintiff's damages; and (6) Defendant's "methodology" does not show the absence of damages to Plaintiff for the Lost Goods.

The Court rejects Plaintiff's conclusory arguments regarding Defendant's liability. The Court previously considered Plaintiff's arguments regarding Defendant's liability as a matter of law when the Court decided the parties' cross-motions for summary judgment. At that time, the Court found that the same proposed conclusions as a matter of law now suggested by Plaintiff lacked merit. The Court will not revisit those arguments here.

The Court rejects Plaintiff's contention that it is undisputed that this is a bailment case ("There is no dispute that with respect to the goods at issue, [Plaintiff] was bailor; and [Defendant] was bailee."). In furtherance of that contention, Plaintiff also argues that the MSA provides that Defendant is liable for the **value** of: (1) items which were received at Defendant's warehouses but are not scanned and placed into a secure delivery tote, and (2) un-reconciled shrinkage. Throughout the briefing on the parties' various summary judgment motions, however, Defendant has consistently

4

challenged whether this is a bailment case at all and denied that Defendant is liable for the value of any Lost Goods. Further, in reviewing the parties' briefs with respect to the present motion, it is clear that Defendant does not agree that Plaintiff possessed the Lost Goods, such that Plaintiff was bailor and Defendant was bailee with respect to the Lost Goods. Therefore, there is a genuine dispute of material fact whether Plaintiff ever possessed some or all of the Lost Goods for which it is seeking damages.

To the extent that the fact finder determines that there are Lost Goods that Plaintiff <u>possessed</u>, Plaintiff would be entitled to damages for such Lost Goods based on their value. This is true whether or not Plaintiff could prove that it paid for such Lost Goods, provided that Plaintiff is able prove the amount of damages. As Plaintiff's possession of the Lost Goods and the amount of damages Plaintiff would be entitled are factual issues that remain in dispute, however, they cannot be resolved on summary judgment.

Moreover, contrary to the assertion of Plaintiff, the issue of the precise amount Defendant may owe Plaintiff (if the fact finder determines Defendant is liable to Plaintiff) is not presently before the Court. The issue before the Court is, assuming the fact finder determines Defendant is liable to Plaintiff for any breach of any kind, whether Plaintiff can **prove** that Defendant's "breach caused injury to" Plaintiff, *i.e.*, prove the amount of financial injury Plaintiff suffered. This is true whether the applicable claim is framed in the context of breach of express contract, breach of implied contract, or breach of implied contract for bailment. If Plaintiff did not have title to (*i.e.*, did not possess) a Lost Good and cannot prove that it paid for such Lost Good, Plaintiff could not have suffered any loss or injury with respect to a Lost Good.

In its response brief, Plaintiff did not address Defendant's argument regarding the transactions listed on the Damages Spreadsheet for which Plaintiff responded that "Payment Data Not Yet Located," *i.e.*, the Lost Goods. In other words, despite having nearly two and half years from the time this action was commenced to the date the Magistrate Judge required Plaintiff to provide the second round of payment data for the transactions listed on the Damages Spreadsheet,

Plaintiff offered no evidence that it paid the vendor any amount with respect to many of the transactions (*i.e.*, those transactions to which Plaintiff responded "Payment Data Not Yet Located").[1] As Plaintiff has not provided any discovery regarding such Lost Goods, Plaintiff will not be able to admit evidence that it paid any amount for those Lost Goods. Therefore, the Court concludes, as a matter of law, that: (a) Plaintiff will not be entitled to recover any damages for the Lost Goods for which Plaintiff responded "Payment Data Not Yet Located," and (b) Plaintiff is precluded from introducing evidence of, or asking the jury for, such damages.

In addition, there are many transactions on the Damages Worksheet that Plaintiff has located evidence that it paid a portion – but not all – of the invoice price set forth thereon. With respect to any Lost Goods for which Plaintiff will offer evidence that it paid less than the full invoice price, the Court must conclude, as a matter of law, that Plaintiff will not be entitled to ask the jury for – or recover – the difference between the invoice amount and the lesser price paid. To the extent Plaintiff has admissible evidence that it paid more than the invoice amount for any Lost Goods, Plaintiff shall have the right to offer such evidence.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that Defendant's Motion for Summary Judgment Related to Plaintiff's Claimed Damages (Docket #155) is GRANTED IN PART and DENIED IN PART. More specifically,

- A. Defendant's motion is denied in that there remains a question of fact as to whether Plaintiff owned each of the Lost Goods;

- B. Defendant's motion is granted in that, if the fact finder determines that Plaintiff did

---

[1] In addition, even though the parties briefed this motion over six months after Plaintiff submitted its second round of payment data for transactions listed on the Damages Spreadsheet, Plaintiff offered no indication that it had located any such payment data. Likewise, at no point since the filing of its response to the instant has Plaintiff submitted to the Court, or sought leave to submit to the Court, any documentation that Plaintiff has been able to produce such payment data – or will produce such payment data at trial.

       not own a Lost Good, Plaintiff cannot recover:

       (1)    Any damages for a Lost Good for which Plaintiff has offered no evidence that it paid the applicable vendor any amount for such Lost Good (*e.g.,* those Lost Goods listed on the Damages Spreadsheet for which Plaintiff indicated "Payment Data Not Yet Located"), and

       (2)    Any amount greater than the amount paid with respect to any Lost Good for which Plaintiff paid the vendor less than the full invoice amount; and

C.    Plaintiff shall not present argument or evidence to the jury claiming it is entitled to any damages or amounts which the Court has identified in this Opinion that Plaintiff cannot recover (*i.e.*, those damages set forth in Paragraph V.B.(1) and (2)).

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 21, 2013