UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRONIC DATA SYSTEMS, LLC,

          Plaintiff,

CASE NO. 09-13660
HON. LAWRENCE P. ZATKOFF

vs.

SYNCREON AMERICA INC.,
f/k/a TDS AUTOMOTIVE U.S., INC.,

          Defendant.
          _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 21, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Reconsideration (Docket #167). Defendant filed a response pursuant to an Order of the Court. For the reasons that follow, Plaintiff's Motion for Reconsideration is granted in part and denied in part.

## II. BACKGROUND

In an Opinion and Order addressing multiple matters before the Court, the Court:

(1)     granted Defendant's motion for summary judgment in part and denied it in part;

(2)     denied Plaintiff's motion for partial summary judgment; and

(3)     denied Plaintiff's Objection to Magistrate Judge's . . . Order Regarding Defendant's Motion to Compel Discovery."

In that same Opinion and Order, the Court set forth an extensive history and factual background as it relates to this matter. Rather than reiterate that history and factual background, the Court hereby

incorporates Section II of its September 29, 2012 Opinion and Order into this Opinion and Order as if stated herein.

Plaintiff's Motion for Reconsideration presents three arguments: (a) the Court should have considered Plaintiff's objections to the Magistrate Judge's order regarding a motion to compel discovery rather than denying the objections as untimely; (b) the Court should not have granted Defendant's summary judgment motion on Plaintiff's breach of contract as third-party beneficiary claim; and (c) the Court should not have denied Plaintiff's motion for partial summary judgment as to liability.

### III. LEGAL STANDARD

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

### IV. ANALYSIS

**A.     Objection to Denial of Motion to Compel**

Plaintiff asks the Court to reconsider its conclusion that Plaintiff did not timely file its objection to the Magistrate Judge's order granting Defendant's motion to compel.  The Court previously ruled that Plaintiff's objection was untimely because the objection <u>was filed</u> more than 14 days after being served.  There was no dispute that Plaintiff was served with the Magistrate

2

Judge's order regarding the motion to compel discovery via ECF on August 4, 2011, and it did not file its objection until August 22, 2011, *i.e.*, 18 days later. In other words, Plaintiff, in fact, did not object within 14 days of being served with the order, as directed by the Magistrate Judge. After reviewing Plaintiff's motion for reconsideration and Federal Rule of Civil Procedure 6(d), however, the Court now concludes that Plaintiff's objection should not have been denied as untimely because Plaintiff was not literally required to object within 14 days of being served – as directed by the Magistrate Judge – but, due to a non-sensible rule of procedure, instead was entitled to an additional three days to object to the Magistrate Judge's order. This dichotomy exists because, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the E.D. of Michigan, the instantaneous electronic service of a document by the Court via ECF is presumed to take just as long – three days – to be delivered to the parties as service of a document delivered via first-class mail. Accordingly, the Court grants Plaintiff's motion for reconsideration as it pertains to the Court's initial determination that Plaintiff did not timely object to the Magistrate Judge's order granting Defendant's motion to compel discovery.

Based on the foregoing conclusion, the Court now considers the merits of Plaintiff's objection to the Magistrate Judge's order granting Defendant's motion to compel. In the relevant portion of the order granting Defendant's motion to compel, the Magistrate Judge held that Plaintiff was obligated to respond to Defendant's Interrogatory No. 6, stating:

> Plaintiff will either specifically identify when and in what manner it made a request of defendant for proof of delivery documents by August 24, 2011, or it will be deemed to have abandoned any claim based on defendant's failure to produce such documents following plaintiff's request for the same.

The Magistrate Judge's analysis regarding Plaintiff's obligation to adequately respond to Interrogatory No. 6 was set forth in a cogent and thorough manner over nearly five pages.

Before this Court, Plaintiff argues that the Magistrate Judge erred in concluding that: (1) Plaintiff was the primary beneficiary of information concerning the dates when proofs of delivery were requested, and (2) Plaintiff should be required to specifically provide dates when proofs of

3

delivery were requested for each of the transactions contained on the damage spreadsheet, since the burden of deriving or ascertaining the information was substantially the same for either party. As the Magistrate Judge concluded, this Court finds no basis for either of Plaintiff's arguments. Moreover, the reasons supporting the Magistrate Judge's legal determinations were sufficiently set out in the Magistrate Judge's opinion granting Defendant's motion to compel. As such, the issuance of a separate, detailed opinion by this Court would be duplicative and would serve no jurisprudential purpose. For that reason, and based on the analysis set out in the Magistrate Judge's opinion dated August 4, 2011, this Court denies Plaintiff's objection to the Magistrate Judge's order granting Defendant's motion to compel regarding Defendant's Interrogatory No. 6.

**B.      Plaintiff's Breach of Contract as Third-party Beneficiary Claim**

After reviewing Plaintiff's arguments in its Motion for Reconsideration regarding this issue, the Court finds that Plaintiff is asking the Court to resolve the same issue that the Court previously decided, without identifying a palpable defect by which the Court or the parties were misled. Although Plaintiff cited two different cases, neither case was issued subsequent to the initial briefing of the parties' cross-motions. Accordingly, the Court denies Plaintiff's motion for reconsideration as it relates to the Court's decision to grant Defendant's motion for summary judgment on Plaintiff's breach of contract as third-party beneficiary claim.

**C.      Denial of Plaintiff's Motion for Partial Summary Judgment**

After reviewing Plaintiff's arguments in its Motion for Reconsideration regarding this issue, the Court finds that Plaintiff is asking the Court to resolve the same issue that the Court previously decided, without identifying a palpable defect by which the Court or the parties were misled. As it did in its motion for partial summary judgment, Plaintiff argues that there is no genuine issue of material fact as to Defendant's liability on Plaintiff's bailee and warehouseman claims. Accordingly, the Court denies Plaintiff's motion for reconsideration as it relates to the Court's decision to deny Plaintiff's motion for partial summary judgment on Plaintiff's bailee and warehouseman claims.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that Plaintiff's Motion for Reconsideration (Docket #167) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2013